In the Matter of the Marriage of

Lisa Lee PIERCE,
nka Lisa Lee Vaught, fka Lisa Lee Chatfield,
aka Lisa L. Heiple, aka Lisa Pierce,
*Petitioner-Respondent,*
*and*

STATE OF OREGON,
acting by and through the
Division of Child Support,
*Petitioner,*
*and*

Kippy Robert PIERCE,
aka Kip Pierce, aka Kippy R. Pierce,
aka Kippy Pierce, Jr.,
*Respondent-Appellant.*

Clackamas County Circuit Court
DR0102225; A151441

323 P3d 274

Kip Pierce for petition *pro se.*

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Father petitions for reconsideration of our decision in *Pierce and Pierce*, 259 Or App 200, 313 P3d 338 (2013), to clarify the disposition of the case. We grant reconsideration, modify our opinion as explained below, and otherwise adhere to the opinion as modified. We also withdraw our disposition and substitute a new disposition.

In *Pierce*, we concluded that the trial court incorrectly determined that father had violated the requirements, set forth in a 2004 supplemental judgment, to make monthly payments toward a $25,000 child support arrearage:

> "[Father] agrees to pay this arrearage off at the rate of $100.00 per month commencing March 1, 2004, and a like payment on the first day of each month hereafter until the judgment is paid in full. This judgment will be without interest provided that [father] pays the monthly payment each month. If any payment is not paid, then the judgment shall accrue interest at the rate of 9% per annum."

Accordingly, we reversed the trial court's supplemental judgment as to its finding that father was in contempt for failure to make child support arrearage payments and as to the money award for interest on the arrearage. We otherwise affirmed.

Father seeks clarification of our decision. According to father, mother now takes the position that the balance of the arrearage, $17,309, is "due to [her] immediately in a lump sum."[1] Mother points to the trial court's statement in its judgment that "[mother] is awarded judgment against [father] in the amount of $17,309.00 as the unpaid balance of the $25,000.00 child support arrearage judgment from the August 25, 2004 Supplemental Judgment plus interest at the rate of 9% per annum from September 1, 2009, until paid[.]" In mother's view, the trial court not only awarded interest on the unpaid balance, it ruled that the balance was immediately due and that the monthly payment provision of

---

[1] Mother did not file a response to father's petitioner for reconsideration, but in opposing father's petition for attorney fees, mother claims that "awarding a judgment for $17,309.00 on the unpaid balance" was part of the trial court's decision.

the 2004 supplemental judgment no longer applied. Mother further claims that we affirmed that ruling in *Pierce*.

We now modify our opinion by stating that, to the extent the trial court concluded that the unpaid balance of the child support arrearage was immediately due to mother because father had failed to make $100 arrearage payments, that conclusion was error. Even if we assume that the 2004 supplemental judgment contains an acceleration clause that is triggered by father's failure to make a $100 monthly payment—a contention that mother apparently adopts but we need not address—father did not fail to make a $100 monthly payment toward the arrearage, and thus the balance of the unpaid arrearage was not immediately due. We withdraw our disposition and substitute a new disposition adding that the supplemental judgment is reversed as to the money award for the unpaid balance on the arrearage.

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; supplemental judgment reversed as to finding of contempt for failure to make child support arrearage payments and as to money award for unpaid balance of arrearage and for interest on arrearage; otherwise affirmed.